# EXHIBIT A

*stuke e 255*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AUTOZONE WEST INC.; a Nevada Corporation; NOEL CLARK, an
individual; DANNY ROSAS, an individual, and DOES 1-50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERTA RODMAN

<div style="border">

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 2 3 2016

BY _____
ERIN MUELLER, DEPUTY

</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Bernardino - Civil Division<br>247 West 3rd Street. San Bernardino, CA 92415-0210 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVDS1604332 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrance A. Bohm, Esq. 21051 Warner Center Lane Suite 225, Woodland Hills, CA 91367; 866.920.1292

| DATE: March 23, 2016<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **Erin Mueller** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AutoZone West Inc.; a Nevada Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
     ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
     ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
     ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3/4/16

*COPY* (watermark)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Page 1 of 1

1  Lawrance A. Bohm (SBN: 208716)
2  Bradley J. Mancuso (SBN: 285616)
   Carey B. Wood (SBN: 292447)
3  **BOHM LAW GROUP**
   21051 Warner Center Ln.
4  Suite 225
   Woodland Hills, California 91367
5  Telephone: 866.920.1292
6  Facsimile: 916.927.2046

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 23 2016

BY _____
ERIN MUELLER, DEPUTY

7  Attorneys for Plaintiff
8  ROBERTA RODMAN

9            SUPERIOR COURT OF CALIFORNIA

10              COUNTY OF SAN BERNARDINO

11 ROBERTA RODMAN,                Case No: CIVDS1604332

12        Plaintiff,              **PLAINTIFF'S VERIFIED COMPLAINT
                                   FOR DAMAGES:**
13
14        v.

15 AUTOZONE WEST, INC.; a Nevada   1) DISABILITY DISCRIMINATION
   Corporation; NOEL CLARK, an individual;   2) FAILURE TO ENGAGE IN THE
16 DANNY ROSAS, an individual; and DOES 1      INTERACTIVE PROCESS
   through 50, inclusive,         3) FAILURE TO ACCOMMODATE
17                                4) HARRASSMENT
                                  5) RETALIATION IN VIOLATION OF
18        Defendants.                CFRA AND FMLA
                                  6) RETALIATION
19                                7) FAILURE TO PREVENT
                                     DISCRIMINATION AND
20                                   RETALIATION
21                                8) ADVERSE ACTION IN VIOLATION
                                     OF PUBLIC POLICY
22
                                  **DEMAND FOR JURY TRIAL**
23     Plaintiff, ROBERTA RODMAN, respectfully submits the instant Verified Complaint for

24 Damages and Demand for Jury Trial and alleges as follows:

25                          <u>CASE OVERVIEW</u>

26     Plaintiff, ROBERTA RODMAN, worked for AUTOZONE WEST, INC. as an order

27 selector. After suffering a back injury in 2009, Ms. RODMAN was continuously forced by her

28 supervisors to lift the same heavy objects that caused her injury, or risk being sanctioned. When

                                  1

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*Rodman v. AutoZone West, Inc., et. al.*                    BOHM LAW GROUP

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

1    Ms. RODMAN would complain to Human Resources, she would receive passive assurances of

2    changes that would never come. Between 2009 and 2014, Ms. RODMAN was put on "light duty"

3    restrictions three times, because every time she was taken off light duty, she reinjured her back.

4    When on medical leave, Ms. RODMAN would receive constant pressure from her employer to

5    return to work early. Ms. RODMAN was then shocked and dismayed to hear that other employees

6    were complaining that she did less heavy lifting than them, and the company could no longer

7    accommodate her work restrictions. Ms. RODMAN was sent home on a leave of absence without

8    pay, and was told she could return when her injuries healed. When Ms. RODMAN was cleared

9    to return on light duty, she was told that the company could not accommodate her in any position.

10   In sum, Ms. RODMAN was discriminated against, harassed, retaliated against, and ultimately

11   terminated as a result of her disability.

12                            **PARTIES AND JURISDICTION**

13        1.      Plaintiff, ROBERTA RODMAN (hereafter "RODMAN" or "Plaintiff"), was at all

14   times relevant to this action, a recruit, employee, or wrongfully terminated employee of Defendant

15   AUTOZONE WEST, INC.

16        2.      Defendant, AUTOZONE WEST, INC. (hereafter "AUTOZONE" or "Defendant")

17   was at all times relevant to this action, engaged in operating a warehouse in San Bernardino,

18   California. AUTOZONE is in the business of owning and operating a large nationwide chain of

19   retail auto parts stores. AUTOZONE operates over 400 such stores in California.

20        3.      Defendant, Noel Clark, ("CLARK") on information and belief, was at all time

21   relevant to this action, an individual residing in San Bernardino County.

22        4.      Defendant, Danny Rosas. ("ROSAS") on information and belief, was at all time

23   relevant to this action, an individual residing in San Bernardino County.

24        5.      Venue and jurisdiction are proper because the majority of the events giving rise to

25   this action took place in San Bernardino County; because Defendant was doing business in San

26   Bernardino County; because Plaintiff worked for Defendant in San Bernardino County, because

27   the damages sought exceed the jurisdictional minimum of this Court; and because Plaintiff's

28   injury occurred in San Bernardino County.

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

2

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*Rodman v. AutoZone West, Inc., et. al.*                                    BOHM LAW GROUP

6.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50.  Defendants Does 1 through 50 are sued herein under fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged herein.  Plaintiff does not at this time know the true names or capacities of said Defendants, but prays that the same may be inserted herein when ascertained.

7.     At all times relevant, each and every Defendant was an agent and/or employee of each and every other Defendant.  In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining Defendant.  All actions of each Defendant as alleged herein were ratified and approved by every other Defendant or their officers or managing agents.

## STATEMENT OF FACTS

8.     In approximately 2007, RODMAN began her employment with AUTOZONE as an order selector.

9.     As an order selector, RODMAN worked in a warehouse and selected/collected merchandise to go to certain stores based on assignments given to her every day. She was assigned to collect orders for large stores, and was expected to lift very heavy merchandise quickly.

10.     In or around 2009, RODMAN began to experience back pains as a result of her heavy lifting of parts for AUTOZONE. RODMAN was then referred to an AUTOZONE company doctor.

11.     The company doctor allowed RODMAN to go back to work on "light duty" with a lifting restriction of 25 pounds or less, and limited stooping and bending.

12.     Upon returning to work, RODMAN's supervisor, CLARK ignored these light duty restrictions, instead making her continue to lift heavy parts that weighed over 25 pounds. When RODMAN alerted CLARK of her restrictions, he responded that he was unaware of such restrictions.

3

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*Rodman v. AutoZone West, Inc., et. al.*                                                        BOHM LAW GROUP

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

13.     RODMAN then complained to Human Resources ("HR") that the restrictions were not being followed. HR representatives assured RODMAN that they would tell her supervisors, CLARK and ROSAS, about her restrictions. However, upon returning to work, RODMAN was assigned the same tasks that violated her work restrictions as before. RODMAN made a second visit to HR to complain about her treatment, and again received assurance that her supervisors would be alerted of her restrictions.

14.     RODMAN continued to be forced to work beyond her restrictions. RODMAN's supervisors, CLARK and ROSAS, threatened RODMAN with sanctions for failing to meet production. When RODMAN mentioned that her restrictions were being violated by her assignments, CLARK responded that RODMAN should "find someone to help." RODMAN told her supervisor that this was impossible because of the workload and expectations placed on each employee. Accordingly, employees were not available to help RODMAN, and RODMAN was forced to continue to work beyond her restrictions.

15.     Between the years of 2009 and 2014, RODMAN was put on light duty three times. Whenever RODMAN was taken off light duty, she was given tougher assignments that would cause her further injury.

16.     In or around 2012, RODMAN was put on intermittent FMLA leave for her back condition, and renewed this leave in 2013 and 2014. RODMAN exercised her leave approximately three times a month. When she exercised her leave, RODMAN's supervisors continued to pressure RODMAN to come into work. In or around 2013, RODMAN was diagnosed with sciatic nerve damage and a slipped disc as a result of her working with heavy parts. RODMAN's physician continued to allow her to work with her restrictions, however, her condition continued to become worse when RODMAN was forced to perform work duties that violated her restrictions.

17.     On or about April 2, 2014, RODMAN was called into HR and told that other employees were complaining that she was doing less heavy lifting than her coworkers. RODMAN reminded HR that she was injured, and relayed that she was able to continue to work in the warehouse in certain areas as long as her work restrictions were being followed. RODMAN also

4

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*Rodman v. AutoZone West, Inc., et. al.*                                                    BOHM LAW GROUP

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

1   identified many other job duties of an order selector that she was capable of performing with her
2   work restrictions.

3        18.    On or about April 4, 2014, RODMAN was again called into HR. HR
4   representative, Marina Fuentes, ("Fuentes") told RODMAN that AUTOZONE could no longer
5   accommodate her work restrictions. AUTOZONE sent RODMAN home on a leave of absence
6   without pay. Fuentes told RODMAN that she could come back to work when her medical
7   condition got better. HR then told RODMAN that if her condition did not improve, she would be
8   placed in a retail store, or would be assigned to a different position.

9        19.    On or about March 16, 2015, RODMAN contacted HR to tell them her doctor had
10   cleared her to return to work on light duty.

11        20.    However, despite previously telling RODMAN that AUTOZONE would put her
12   in a retail store, Fuentes told RODMAN that AUTOZONE would not accommodate her in any
13   position. RODMAN mentioned the previous offer of a retail store, but Fuentes stated that this
14   position could only offer a few hours per week. RODMAN stated that she was aware that other
15   employees were able to work full time, but Fuentes did not respond. Fuentes stated that she could
16   not even guarantee that RODMAN would be able get a few hours per week working in a retail
17   store, but that it would never be more than a few hours per week.

18        21.    RODMAN is aware that other employees with similar injuries at AUTOZONE
19   were able to work in positions at retail stores.

20        22.    RODMAN reached out to AUTOZONE again around August 20, 2015, asking
21   whether she could be accommodated in any position. An employee of AUTOZONE named Andy
22   left RODMAN a message stating that she could not be accommodated in any position.

23        23.    Though RODMAN has not been given any work duties, she remains "employed"
24   by AUTOZONE. On information and belief, AUTOZONE continues to "employ" RODMAN so
25   that she cannot collect unemployment benefits, while refusing to provide her with any work.

26        24.    RODMAN has fulfilled all her administrative exhaustion requirements.
27   RODMAN applied for and obtained her Right to Sue from the Department of Fair Employment
28   and Housing on April 3, 2015. RODMAN amended her Right to Sue March 21, 2016.

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

5

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*Rodman v. AutoZone West, Inc., et. al.*               BOHM LAW GROUP

<div align="center">

## FIRST CAUSE OF ACTION

**(Disability Discrimination, Gov. Code §12940(a))**

</div>

25.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

26.     This cause of action is asserted against Defendant AUTOZONE only.

27.     At all times relevant to this matter, Plaintiff suffered from a "physical disability" as defined by Government Code §12926(k) and Title 2 of the California Code of Regulations §7293.6(e).  In spite of her disability, Plaintiff was able to perform the essential functions of her position as defined by Government Code §12926(f) and Title 2 of the California Code of Regulations §7293.8 (g) and was otherwise able to perform her job had Defendant provided the reasonable accommodation required by Government Code §12926(n) and Title 2 of the California Code of Regulations §7293.9(a). Defendant also intentionally refused to terminate Plaintiff despite not accommodating her disability in order to avoid paying RODMAN unemployment benefits.

28.     Defendant AUTOZONE's conduct violated Government Code 12940(a) consistent with Title 2 of the California Code of Regulations §7293.7.  Specifically, Defendant denied Plaintiff reasonable accommodations, failed to engage in a good faith interactive process and intentionally refused to terminate Plaintiff while simultaneously not providing her with any work.  Defendant's actions were motivated, at least in part, by Plaintiff's disabilities.

29.     Defendant's discriminatory conduct was a substantial factor in causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial.

30.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code §12926(a).

31.     The above-described actions were perpetrated and/or ratified by a managing agent(s) or officer(s) of Defendants. These acts were done with malice, fraud, oppression, and in

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

<div align="center">

6

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

</div>

1   reckless disregard of Plaintiff's rights.  Further, said actions were despicable in character and

2   warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's

3   future conduct.

### SECOND CAUSE OF ACTION

**(Failure to Engage in Interactive Process; Gov. Code § 12940(n))**

6       32.     The allegations set forth in this complaint are hereby re-alleged and incorporated

7   by reference.

8       33.     This cause of action is asserted against Defendant AUTOZONE only.

9       34.     At all times relevant to this matter, Plaintiff suffered from a "physical disability"

10  as defined by Government Code section 12926, subdivision (i) and California Code of

11  Regulations, title 2, section 7293.6, subdivision (f).  In spite of her disability, Plaintiff was able

12  to perform the essential functions of his position as defined by Government Code section 12926,

13  subdivision (f) and California Code of Regulations, title 2, section 7293.8, subdivision (g) and

14  was otherwise able to perform her job had Defendant provided the reasonable accommodation

15  required by Government Code section 12926, subdivision (n) and California Code of Regulations,

16  title 2, section 7293.9, subdivision (a).

17      35.     Although Plaintiff provided notice to Defendant pertaining to her disability,

18  Defendant failed to engage in a good faith interactive process to the extent needed to communicate

19  to Plaintiff that Defendant believed business necessity required that the parameters of the

20  requested reasonable accommodation be reassessed. Defendant did not discuss the nature and

21  extent of Plaintiff's health condition, the advice and recommendation of her health care providers,

22  the extent and underlying medical necessity of the accommodation, and the need for future

23  accommodation as well as other important areas of inquiry recognized in the Unites States Equal

24  Employment Opportunity Commission's "Enforcement Guidance: Reasonable Accommodation

25  and Undue Hardship Under the Americans With Disabilities Act" noted by the California

26  Legislature in Government Code section 12926.1, subdivision (e).  Defendant's obligation to

27  engage in the interactive process of accommodation was not excused or waived by Plaintiff. Since

28  Defendant failed to engage in the important interactive process between employee and the

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

7

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*Rodman v. AutoZone West, Inc., et. al.*                                    BOHM LAW GROUP

1  employer in determining reasonable accommodation, Defendant's conduct violated Government
2  Code section 12940, subdivision (n).

3      36.    Defendant's discriminatory and retaliatory conduct was a substantial factor in
4  causing Plaintiff to suffer general and special damages including economic damages and non-
5  economic damages in excess of this court's jurisdiction according to proof at trial.

6      37.    As an actual and proximate result of the aforementioned violations, Plaintiff has
7  been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of
8  this court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by
9  Government Code section 12926, subdivision (a).

10     38.    As an actual and proximate result of Defendant's unlawful conduct, Plaintiff has
11  lost wages, benefits, and other out of pocket expenses.

12     39.    As an actual and proximate result of the aforementioned acts of Defendant,
13  Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages
14  for mental and emotional distress in an amount according to proof at time of trial.

15     40.    The above-described actions were perpetrated and/or ratified by a managing
16  agent(s) or officer(s) of Defendant. These acts were done with malice, fraud, oppression, and in
17  reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and
18  warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's
19  future conduct.

20                        **THIRD CAUSE OF ACTION**
21            **(Failure to Accommodate Disability; Gov. Code §12940(m))**

22     41.    The allegations set forth in this complaint are hereby re-alleged and incorporated
23  by reference.

24     42.    This cause of action is asserted against Defendant AUTOZONE only.

25     43.    At all times relevant to this matter, Plaintiff suffered from a "physical disability"
26  as defined by Government Code §12926(m) and Title 2 of the California Code of Regulations
27  §7293.6(e).  Plaintiff was able to perform the essential functions of her position as defined by
28  Government Code §12926(f) and Title 2 of the California Code of Regulations §7293.8(g) and

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

8

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*Rodman v. AutoZone West, Inc., et. al.*                    BOHM LAW GROUP

1   was otherwise able to perform her job had Defendant provided the reasonable accommodation

2   required by Government Code §12926(n) and Title 2 of the California Code of Regulations

3   §7293.9(a).

4          44.     Although Plaintiff provided notice pertaining to her physical disability, and

5   requested a dialogue regarding her potential accommodation, Defendant refused any

6   accommodation.   Accordingly, Defendant's conduct violated Government Code §12940(m),

7   §12926(s) and Title 2 of the California Code of Regulations §7293.9(b).

8          45.     As a proximate result of the aforementioned violations, Plaintiff has been damaged

9   in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

10  Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code

11  §12926(a).

12         46.     The above-described actions were perpetrated and/or ratified by a managing

13  agent(s) or officer(s) of Defendant. These acts were done with malice, fraud, oppression, and in

14  reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and

15  warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's

16  future conduct.

17                           **FOURTH CAUSE OF ACTION**

18                        **(Harassment; Gov. Code § 12940(j))**

19         47.     The allegations set forth in this complaint are hereby re-alleged and incorporated

20  by reference.

21         48.     This cause of action is asserted against all Defendants.

22         49.     At all times relevant to this matter, the Fair Employment and Housing Act and

23  California Government Code § 12940 were in full force and effect and binding on Defendant.

24  Government Code § 12940(j) reads, "It is an unlawful employment practice . . . [f]or an employer,

25  labor organization, employment agency, apprenticeship training program or any training program

26  leading to employment, or any other person, because of race, religious creed, color, national

27  origin, ancestry, physical disability, mental disability, medical condition, genetic information,

28  marital status, sex, gender, gender identity, gender expression, age, or sexual orientation, to harass

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

9

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*Rodman v. AutoZone West, Inc., et. al.*                    BOHM LAW GROUP

1    an employee, an applicant, or a person providing services pursuant to a contract."

2        50.    Plaintiff was subjected to unwanted harassing conduct because of her disability.

3    This harassing conduct was conducted by Defendant and its managing agents who created an

4    environment that, among other things, tolerated and encouraged harassment and discrimination

5    against Plaintiff that impacted the terms and conditions of Plaintiff's employment. The statements

6    and conduct on the part of Defendant and its managing agents complained of herein represent a

7    violation of California Government Code § 12940(j) and Title 2 of the California Code of

8    Regulations §§ 7287.6 and 7287.7.

9        51.    A reasonable person in Plaintiff's circumstances would have considered the work

10   environment to be hostile or abusive.   The environment of harassment was severe and/or

11   pervasive.

12       52.    As a proximate result of the aforementioned violations, Plaintiff has been damaged

13   in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

14   Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code

15   §12926(a).

16       53.    The above-described actions were perpetrated and/or ratified by a managing

17   agent(s) or officer(s) of Defendant. These acts were done with malice, fraud, oppression, and in

18   reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and

19   warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's

20   future conduct.

21                          **FIFTH CAUSE OF ACTION**

22              (Retaliation in Violation of CFRA and FMLA; Gov. Code §12945.2)

23       54.    The allegations set forth in this complaint are hereby re-alleged and incorporated

24   by reference.

25       55.    This cause of action is asserted against Defendant AUTOZONE only.

26       56.    At all relevant times to this action, the California Family Rights Act of 1993

27   ("CFRA"), Cal. Gov't Code §§ 12945.1 and 12945.2, was in full force and effect and binding on

28

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

10

1    Defendant, requiring Defendant to provide Plaintiff with up to 12 weeks of qualifying leave and

2    to refrain from retaliating or discriminating against Plaintiff for making such a request.

3        57.    Plaintiff was a full-time employee whom Defendant employed for over one year

4    and with over 1,250 hours in the 12-month period immediately preceding her CFRA leave.

5        58.    Plaintiff had a "serious health condition" as defined by the statute.

6        59.    Defendant violated CFRA, Cal. Gov't Code § 12945.2, when it unlawfully

7    discriminated against Plaintiff in retaliation for Plaintiff's request to take protected medical leave

8    by refusing to accommodate her disability, retaliating against her for taking leave by interfering

9    with her leave, and by not returning her to the same or equivalent position.

10       60.    As a proximate result of the aforementioned violations, Plaintiff has been damaged

11   in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

12   Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code

13   §12926(a).  Plaintiff also seeks all remedies and penalties recoverable under CFRA, Cal. Gov't

14   Code § 12965, and FMLA, 29 U.S.C. § 2617.

15       61.    The above-described actions were perpetrated and/or ratified by a managing

16   agent(s) or officer(s) of Defendant. These acts were done with malice, fraud, oppression, and in

17   reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and

18   warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's

19   future conduct.

20                    **SIXTH CAUSE OF ACTION**

21               (Retaliation, Government Code § 12940(h))

22       62.    The allegations set forth in this complaint are hereby re-alleged and incorporated

23   by reference.

24       63.    This cause of action is asserted against Defendant AUTOZONE only.

25       64.    Plaintiff provided notice to Defendant of practices she reasonably believed to be

26   illegal under Government Code § 12940, such as disability discrimination and harassment.  As a

27   result, Defendant harassed, discriminated, and retaliated against Plaintiff.  Accordingly,

28

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

*Rodman v. AutoZone West, Inc., et. al.*                                    BOHM LAW GROUP

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

1  Defendants' conduct violated Government Code § 12940(h) and Title 2 of the California Code of

2  Regulations § 7287.8.

3       65.    Adverse actions were taken against RODMAN for reporting protected activity and

4  objecting to unlawful practices.

5       66.    As an actual and proximate result of the aforementioned violations, Plaintiff has

6  been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of

7  this Court.  Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by

8  Government Code §12926(a).

9       67.    The above-described actions were perpetrated and/or ratified by a managing

10  agent(s) or officer(s) of Defendant. These acts were done with malice, fraud, oppression, and in

11  reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and

12  warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's

13  future conduct.

14            <u>**SEVENTH CAUSE OF ACTION**</u>

15      **(Failure to Prevent Retaliation, Discrimination; Gov. Code § 12940(k))**

16       68.    The allegations set forth in this complaint are hereby re-alleged and incorporated

17  by reference.

18       69.    This cause of action is asserted against Defendant AUTOZONE only.

19       70.    As an employer pursuant to the definition in Government Code § 12926(d),

20  Defendant AUTOZONE had a duty to prevent unlawful harassment and discrimination, including

21  retaliation.  Defendant knew or should have known about the discrimination and retaliation of

22  Plaintiff set forth above.   Defendant failed to implement adequate training, policies, or

23  instructions that would have prevented the aforementioned discrimination and retaliation.

24  Defendant breached its duty to prevent the discrimination, harassment, and retaliation against

25  Plaintiff.  Accordingly, Defendant violated Government Code § 12940(k) and Title 2 of the

26  California Code of Regulations § 7287.6(3).

27       71.    As an actual and proximate result of the aforementioned violations, Plaintiff has

28  been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of

12

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  this Court.  Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by

2  Government Code §12926(a).

3      72.     The above-described actions were perpetrated and/or ratified by a managing

4  agent(s) or officer(s) of Defendant. These acts were done with malice, fraud, oppression, and in

5  reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and

6  warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's

7  future conduct.

8                          **EIGHTH CAUSE OF ACTION**

9                  **(Adverse Action in Violation of Public Policy)**

10      73.     The allegations set forth in this complaint are hereby re-alleged and incorporated

11  by reference.

12      74.     This cause of action is asserted against Defendant AUTOZONE only.

13      75.     Defendant's discrimination, retaliation, and refusal to accommodate Plaintiff

14  based on her taking protected leave and/or disability violated important public policy codified in

15  29 U.S.C. § 2600 et seq.; 42 U.S.C. § 12111 et seq.; 29 C.F.R. § 1604.11; 29 C.F.R. §

16  1630.2(o)(3); and Government Code §§ 12945.1, 12945.2, and 12940.

17      76.     As an actual and proximate result of the aforementioned violations, Plaintiff has

18  been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of

19  this Court.

20      77.     The above-described actions were perpetrated and/or ratified by a managing

21  agent(s) or officer(s) of Defendant. These acts were done with malice, fraud, oppression, and in

22  reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and

23  warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's

24  future conduct.

25                          **PRAYER FOR RELIEF**

26      WHEREFORE, Plaintiff demands judgment against Defendant and any other defendants

27  who may be later added to this action as follows:

28      1.      For compensatory damages, including, but not limited to lost wages and emotional

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

13

1 | distress in the amount according to proof;

2 |     2.    For attorneys' fees and costs pursuant to all applicable statues or legal principles;

3 |     3.    For cost of suit incurred;

4 |     4.    For punitive damages or other penalties recoverable by law;

5 |     5.    For prejudgment interest on all amounts claimed pursuant to Civil Code section

6 | 3287 and/or 3288; and

7 |     6    For such other and further relief as the court may deem proper.

8

9

10 | Dated: March 23, 2016    By:_____

11 |     LAWRANCE A. BOHM, ESQ.

12 |     BRADLEY J. MANCUSO, ESQ.
    CAREY B. WOOD, ESQ.

13 |     Attorneys for Plaintiff
    ROBERTA RODMAN

14

15

16 | **DEMAND FOR JURY TRIAL**

17 | Plaintiff hereby demands trial by jury for this matter.

18

19 | Dated: March 23, 2016    By:_____

20 |     LAWRANCE A. BOHM, ESQ.

21 |     BRADLEY J. MANCUSO, ESQ.
    CAREY B. WOOD, ESQ.

22 |     Attorneys for Plaintiff

23 |     ROBERTA RODMAN

24

25

26

27

28

BOHM LAW GROUP
21051 WARNER CENTER LN., SUITE 225
WOODLAND HILLS, CALIFORNIA 91367

14

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*Rodman v. AutoZone West, Inc., et. al.*    BOHM LAW GROUP

## VERIFICATION OF COMPLAINT FOR DAMAGES

I, **Roberta Rodman,** have read the attached Complaint for Damages and hereby attest to the truth of all matters asserted therein except for those alleged on information and belief.

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is true and correct to the best of my personal knowledge.

_3-23-16_
Date

_Roberta Rodman_
Roberta Rodman